

| | | |
|---|---|---|
| **Emmanuel Coffy*** <br> Managing Partner <br><br> **Chong S. Kim** <br> Associate <br> Admitted in NJ <br><br> **Gardy Cadet, Ph.D**. <br> Chief Technical Advisor <br><br> *\*Admitted in USPTO (Reg. No. 63,615)* <br> *NJ., U.S. NJ District Court* <br> *U.S. Court of Appeals for the Second Circuit* <br> *EMAIL: emmanuel.coffy@coffylaw.com* | **Central Mailing Address** <br> 4400 US Highway 9 South., Ste. 1000 <br> Freehold, NJ 07728 <br> Telephone: (973) 375-1804 <br> Facsimile: (973) 996-2952 <br> www.coffylaw.com <br> Email: Info@coffylaw.com | **Additional Office Locations** <br> 1776 Nostrand Ave. <br> Brooklyn, NY 11226 <br><br> 1980 Springfield Ave., Ste. 5 <br> Maplewood, NJ 07040 <br><br><br><br> **Documents Filed Electronically** |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CHRISTOPHER JOHN CALI,** | : | **CIVIL ACTION** |
| | : | Case No. |
| **Plaintiff,** | : | |
| *v*. | : | **COMPLAINT FOR DAMAGES** |
| | : | **(1) Federal Trademark Infringement** |
| **MIA L. SPIVEY-REBEL., et al.,** | : | **(2) Federal Copyright Infringement** |
| **SAAS Hot Sauce The flavor that brings** | : | **(3) False Designation of Origin/Unfair** |
| **you home, LLC; DOES 1-10, XYZ Corp** | : | **Competition/ Trademark Dilution** |
| **1-5, Individually and Severally** | : | **(4) Unfair Business Practices** |
| **Defendants.** | : | |
| | : | **DEMAND FOR JURY TRIAL** |

## COMPLAINT AND JURY DEMAND

The Plaintiff, Christopher John Cali ("Plaintiff"), complaining of the Defendants, Mia L. Spivey-Rebel a/k/a SAAS Hot Sauce The flavor that brings you home, LLC. ("Mia"), and Does 1-10, XYZ Corporations 1-5 ("Doe Defendants" *said names being fictitious, true names presently unknown*)(collectively, "the Defendants"), hereby alleges:

Case 2:16-cv-04881-JMV-MF   Document 1   Filed 08/10/16   Page 2 of 16 PageID: 2

Trademark Infringement Complaint        Christopher John Cali v. Mia L. Spivey-Rebel, et al.

## PARTIES

1. The Plaintiff, Christopher John Cali is now and was at the time of the filing of this Complaint and at all intervening times, an individual who is a resident of the State of New Jersey.

2. Upon information and belief, Defendant Mia L. Spivey-Rebel is an individual residing at 62 Cedar Street #502, Seattle, Washington 98121.

3. Upon information and belief, Defendant SAAS Hot Sauce The flavor that brings you home, LLC, is a Washington Limited Liability Company identified by UBI Number 603552593, with its principal place of business at 62 Cedar Street, Suite 707, Seattle, Washington 98121. Its agent is David Leroux located at 14512 167th Ave SE, #192, Monroe, Washington 98272.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10 are unknown to Plaintiff. Therefore, these Defendants are sued under such fictitious names and are jointly, severally and concurrently liable and responsible with the named Defendants upon the causes of action herein set forth. When the true names and capacities of said Defendants are ascertained, Plaintiff will amend this Complaint accordingly.

5. At all times relevant herein, Defendants Mia L. Spivey-Rebel, DOES 1-10 and XYZ Corp. 1-5, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment. The Doe Defendants are individuals or businesses whose identities are unknown at this time with ownership interests in the businesses who developed, marketed, and/or sold ideas presented to them by the Plaintiff.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b). The case arises out of claims for trademark infringement, false designation of origin, unfair competition and dilution under the Lanham Act (15 U.S.C. §

Case 2:16-cv-04881-JMV-MF   Document 1   Filed 08/10/16   Page 3 of 16 PageID: 3

Trademark Infringement Complaint          Christopher John Cali v. Mia L. Spivey-Rebel, et al.

1051 et seq.), and copyright infringement under 17 U.S.C. § 501 (a); and this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367(a) and 1338 (a) and (b). A substantial part of the events giving rise to this action have occurred and continue to occur in this judicial district. As such, Defendants should reasonably expect that its activities might have consequences herein.

7. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b), because as set forth below, the Defendant(s) engage in significant business activities in this district. As further described below, on information and belief, Defendants have committed and/or induced fraudulent acts associated with trademark infringement in this district.

8. Upon information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the New Jersey Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in New Jersey and in this Judicial District via its web site. Defendants have purposefully directed action to New Jersey and this district, and have otherwise availed themselves of the privileges and protections of the laws of the State of New Jersey, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

## FACTS COMMON TO ALL COUNTS

9. The Plaintiff came up with an idea for a hot sauce on or about 2008 based on his work and experience in West Africa. Shortly thereafter, Plaintiff began the process of initiating the formulations for a hot sauce.

10. On or about 2009, Plaintiff came up with a name for the formula.

11. On May 15, 2009, Plaintiff filed with the United States Patent & Trademark Office ("USPTO") a registration for a standard character word mark "SAAS"

Case 2:16-cv-04881-JMV-MF   Document 1   Filed 08/10/16   Page 4 of 16 PageID: 4

Trademark Infringement Complaint          Christopher John Cali v. Mia L. Spivey-Rebel, et al.

identified by Serial No. 77737948. The mark was allowed on July 31, 2012 under Registration Number 4183604. (A copy of the USPTO record is attached hereto as "Exhibit A").

12.     On April 5, 2010, Plaintiff registered a New Jersey Limited Liability Company named Hot Saas, LLC identified by Business ID No. 0400341049. (A true copy of the Certificate of Formation is attached hereto as "Exhibit B").

13.     Plaintiff's relationship with Defendant Mia Spivey-Rebel (hereinafter "Mia") began around 2010.  They are both musicians who worked on a couple of jingles together, including a jingle for the onion festival in Vidalia, Georgia and a song for the chamber of commerce. They planned to shop the song at the onion festival.  Mia thought it would be a good idea, being she was aware that Plaintiff made hot sauce, for Plaintiff to invent a flavor to be sold at the festival. Plaintiff indeed came up with a flavor for the festival.  The formulation of the sauce was a hit at the festival, and it was not at that time labeled with the "SAAS" name.  In recognition of Mia's contribution, Plaintiff verbally agreed to share the profits of this venture with Mia on a 50/50 basis similarly to their musical partnership, which was 50/50.

14.     SAAS only had one flavor namely, SAAS original flavor.  Plaintiff decided to integrate the onion festival sauce as a second flavor in the line. The second flavor was the SAAS Onion & Garlic flavor.  As a result, the line then had two (2) flavors.  Plaintiff and Defendant were still operating under the verbal agreement.

## THE ASSERTED MARKS

15.     On April 12, 2010 Plaintiff filed with the United States Patent & Trademark Office ("USPTO") a registration for a standard character mark "THE FLAVOR THAT BRINGS YOU HOME" identified by Serial No. 85012086. The mark was allowed on September 11, 2012 under Registration Number 4206413. (A copy of the USPTO record is attached hereto as "Exhibit C").

Case 2:16-cv-04881-JMV-MF   Document 1   Filed 08/10/16   Page 5 of 16 PageID: 5

Trademark Infringement Complaint          Christopher John Cali v. Mia L. Spivey-Rebel, et al.

16. In or about 2012, Plaintiff memorialized the agreement and rewarded Mia with a stipend to compensate her marketing efforts including the recommendation of marketing consultants.

17. On December 18, 2012, Plaintiff filed with the United States Patent & Trademark Office ("USPTO") a registration for a design plus word mark "SAAS" identified by Serial No. 85805997. The mark was allowed on July 30, 2013 under Registration Number 4376148. (A copy of the USPTO record is attached hereto as "Exhibit D").

18. On December 20, 2012 Plaintiff filed with the United States Patent & Trademark Office ("USPTO") a registration for the design mark "Elephant" identified by Serial No. 85808311. The mark was allowed on July 30, 2013 under Registration Number 4376337. (A copy of the USPTO record is attached hereto as "Exhibit E").

19. On December 20, 2012 Plaintiff filed with the United States Patent & Trademark Office ("USPTO") a registration for a design plus word mark "THE FLAVOR THAT BRINGS YOU HOME" identified by Serial No. 85808231. The mark was allowed on July 30, 2013 under Registration Number 4376330. (A copy of the USPTO record is attached hereto as "Exhibit F").

20. In 2013, Plaintiff made Mia a 25% partner in the LLC with no capital contribution. Additionally, Plaintiff compensated both Mia and the marketing consultant. (A copy of the Operating Agreement is attached hereto as "Exhibit G").

21. The sales projection was not realized and as a result by October 2015, Plaintiff informed both Mia and the Marketing consultant that due to serious financial difficulties the business would stop its operations. Having compensated both Mia and the marketing consultant, the LLC was dissolved and the trademarks were transferred to Plaintiff's name.

22. Subsequently, trough due diligence in policing his marks, Plaintiff discovered that Mia registered his trademarks under her name without his authorization.

Case 2:16-cv-04881-JMV-MF   Document 1   Filed 08/10/16   Page 6 of 16 PageID: 6

Trademark Infringement Complaint        Christopher John Cali v. Mia L. Spivey-Rebel, et al.

23. Upon information and belief, Mia was asked to cease and desist from using the marks. But, the warnings were largely ignored.

24. The Plaintiff lost millions of dollars as a result of the Defendants' actions.

## THE INFRINGING MARKS

25. On October 13, 2015, Defendants filed with the USPTO a registration for a standard character word mark "SAAS HOT SAUCE" identified by Serial No. 86786440. (A copy of the USPTO record is attached hereto as "Exhibit H").

26. On October 19, 2015, Defendants filed with the USPTO a registration for a standard character word mark "SAAS SPICY AUTHENTIC ALL-PURPOSE SAUCE" identified by Serial No. 86791915. (A copy of the USPTO record is attached hereto as "Exhibit I").

27. On October 19, 2015, Defendants filed with the USPTO a registration for a standard character word mark "SAAS HOT SAUCE THE FLAVOR THAT BRINGS YOU HOME" identified by Serial No. 86791959. (A copy of the USPTO record is attached hereto as "Exhibit J").

28. Defendants prominently feature the marks on a number of websites that Defendants operate namely, http://saashotsauce.com; http://shop.eatsaas.com; https:www.facebook.com/SAASHotSauce; https://twitter.com/saashotsauce. (A snapshot of a website is attached hereto as "Exhibit K").

## FIRST CLAIM

### (INFRINGEMENT OF REGISTERED TRADEMARKS)
### [15 U.S.C. §1114/Lanham Act § 32(a)]

29. Plaintiff has continuously used the "SAAS" ® "THE FLAVOR THAT BRINGS YOU HOME" ® and the Elephant design marks in interstate commerce since at least 2009. Accordingly, Plaintiff's marks are senior to Defendants' marks.

Case 2:16-cv-04881-JMV-MF   Document 1   Filed 08/10/16   Page 7 of 16 PageID: 7

Trademark Infringement Complaint        Christopher John Cali v. Mia L. Spivey-Rebel, et al.

30. Plaintiff, as the owner of all rights, title and interests in and to the above-identified marks, has standing to maintain an action for trademark infringement under the Trademark Statute 15 U.S.C. §1114.

31. Defendants are and at the time of their actions complained of herein actually aware that Plaintiff is the registered trademark holder of SAAS, THE FLAVOR THAT BRINGS YOU HOME and Elephant marks.

32. Defendants did not seek and failed to obtain the consent or authorization of Plaintiff as the registered owner of the marks to deal in and commercially distribute, market and sell hot sauce bearing Plaintiff's marks into the stream of commerce.

33. Defendants intentionally and knowingly used in commerce the products and/or colorable imitations of Plaintiff's registered marks in connection with the sale, offering for sale, distribution, advertising of Defendant's goods by offering, advertising, promoting, retailing, selling, and distributing hot sauce products bearing the Plaintiff's marks.

34. Defendants' egregious and intentional sale of hot sauce products bearing the Plaintiff's marks is likely to cause confusion or to cause mistake or to deceive, mislead, betray and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiff.

35. Defendants' acts have been committed with knowledge of Plaintiff's exclusive rights and good will in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

36. Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss and damage to his rights in and to the above-identified marks and the good will associated therewith, for which Plaintiff has no adequate remedy at law thus, Plaintiff requests injunctive relief.

37. Defendants' continued and knowing use of Plaintiff's marks without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's

Case 2:16-cv-04881-JMV-MF   Document 1   Filed 08/10/16   Page 8 of 16 PageID: 8

Trademark Infringement Complaint        Christopher John Cali v. Mia L. Spivey-Rebel, et al.

federally registered trademarks in violation of §32 of the *Lanham Act*, 15 U.S.C. §1114. Based on such conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies provided by §§1116-1118, including Defendants' profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## SECOND CLAIM

### (FEDERAL COPYRIGHT INFRINGEMENT)
### [17 U.S.C. § 501(a)]

38. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs as though the same were fully set forth at length herein.

39. Plaintiff is the exclusive owner of copyrights in and related to its marks.

40. Defendants did not seek and failed to obtain the consent or authorization of Plaintiff to utilize, manufacture, reproduce, copy, display, prepare derivative works, distribute, sell, transfer, rent, perform and/or market Plaintiff's copyright protected materials.

41. Defendants' act as alleged herein, constitute infringement of Plaintiff's copyright, including Plaintiff's exclusive to reproduce, distribute and/or sell such protected material.

42. Defendants' knowing and intentional copyright infringement as alleged herein has caused and will continue to cause substantial and irreparable harm to Plaintiff and has and will continue to cause damage to Plaintiff who is therefore, entitled to injunctive relief as well as monetary damages, including Defendants' profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## THIRD CLAIM

### (FALSE DESIGNATION OF ORIGIN & UNFAIR COMPETITION)
### [15 U.S.C. § 1125(a)/ Lanham Act § 43(a)]

43. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs as though the same were fully set forth at length herein.

Case 2:16-cv-04881-JMV-MF   Document 1   Filed 08/10/16   Page 9 of 16 PageID: 9

Trademark Infringement Complaint		Christopher John Cali v. Mia L. Spivey-Rebel, et al.

44. Plaintiff, as the owner of all common law rights, title and interests in and to the above-identified marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, *Lanham Act* § 43(a) (15 U.S.C. §1125). Plaintiff's marks are inherently distinctive and/or have acquired distinctiveness.

45. Defendants have without authorization on or in connection with its goods and services, used in commerce marks that are confusingly similar to Plaintiff's marks and/or has made false designations of origin, which are likely to cause confusion or cause mistake or to deceive as the affiliation, connection or association of Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of Defendants' goods or services or commercial activities.

46. Defendants' conduct described above violates the *Lanham Act,* and Defendants have unfairly competed with and injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in a n amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's marks.

47. Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful intended to cause confusion or to cause mistake or to deceive and in blatant disregard to Plaintiff's rights.

48. Defendants knew or by the exercise of reasonable care should have known that their adoption and commencement of use in commerce and continuing use of marks that are confusingly similar to Plaintiff's marks would cause confusion, mistake or deception among purchasers, users and the public.

49. Defendants' continuing and knowing use of Plaintiff's marks constitute false designation of origin and unfair competition in violation of §43(a) of the *Lanham Act,* 15 U.S.C. §1125(a), causing Plaintiff to suffer substantial and irreparable injury for which it has no adequate remedy at law.

Case 2:16-cv-04881-JMV-MF   Document 1   Filed 08/10/16   Page 10 of 16 PageID: 10

Trademark Infringement Complaint        Christopher John Cali v. Mia L. Spivey-Rebel, et al.

50. Defendants' wrongful conduct has permitted or will permit Defendants to make substantial sales and profits on the strength of Plaintiff's marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct as alleged herein, Plaintiff has been and will be deprived of sales of his hot sauce products in an amount as yet unknown but to be determined at trial, and has been deprived and will be deprived of the value of his marks as commercial assets in an amount as yet unknown but to be determined at trial.

51. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the *Lanham Act,* including Defendants' profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CLAIM
### (TRADEMARK DILUTION)
### [15 U.S.C. § 1125(a)]

52. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs as though the same were fully set forth at length herein.

53. Plaintiff's marks are distinctive within the meaning of the *Lanham Act.*

54. Upon information and belief, Defendants' unlawful actions began long after Plaintiff's mark became famous and Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's marks. Defendants' conduct is willful, wanton and egregious.

55. Defendants' intentional sale of hot sauce products bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine SAAS products. The actions of Defendants complained of herein have diluted and will continue to dilute Plaintiff s marks, and are likely to impair the distinctiveness, strength and value of Plaintiff's marks and injure the prospect of Plaintiff's business and his marks.

Case 2:16-cv-04881-JMV-MF   Document 1   Filed 08/10/16   Page 11 of 16 PageID: 11

Trademark Infringement Complaint			Christopher John Cali v. Mia L. Spivey-Rebel, et al.

56. Defendants' acts caused and will continue to cause Plaintiff irreparable harm. Plaintiff has no adequate remedy at law to compensate him fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts unless they are enjoined by this Court.

57. As the acts alleged herein constitute a willful violation of §43(c) of the *Lanham Act,* 15 U.S.C. §1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by provided by 15 U.S.C. §§1116-1118 and 1125(c) of the *Lanham Act,* including Defendants' profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FIFTH CLAIM
## (UNLAWFUL, UNFAIR, FRAUDULENT BUSINESS PRACTICES)

58. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs as though the same were fully set forth at length herein.

59. By marketing, advertising, promoting, and/or otherwise selling hot sauce products bearing Plaintiff's marks, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices under New Jersey law.

60. Defendants' marketing, advertising, promoting, and/or otherwise selling hot sauce products bearing Plaintiff's marks, is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship or quality of Defendants' goods thereby causing loss, damage and injury to Plaintiff and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

61. Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, and/or otherwise selling hot sauce products bearing Plaintiff's marks would cause confusion, mistake or deception among purchasers, users and the public.

Case 2:16-cv-04881-JMV-MF   Document 1   Filed 08/10/16   Page 12 of 16 PageID: 12

Trademark Infringement Complaint          Christopher John Cali v. Mia L. Spivey-Rebel, et al.

62. By marketing, advertising, promoting, and/or otherwise selling hot sauce products bearing Plaintiff's marks, Defendants intended to induce and did induce and intends to and will induce customers to purchase its products by trading off of the extensive goodwill built up by Plaintiff in his marks.

63. Upon information and belief, Defendants' conduct has been knowing, deliberate, willful, intended to cause confusion or to cause mistake or to deceive in disregard of Plaintiff's rights.

64. Defendants' wrongful conduct as alleged herein has permitted and will permit Defendants to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising sales and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct as alleged herein, Plaintiff has been deprived of the value of his trademarks as commercial assets in an amount as yet unknown but to be determined at trial. Plaintiff seeks restitution in this matter including an Order granting Defendants' profits stemming from the infringing activities and actual and/or compensatory damages.

65. Plaintiff has no adequate remedy at law for Defendants' continuing violation of his rights as set forth above. Plaintiff seeks injunctive relief.

66. Plaintiff further requests a Court Order that an asset freeze or constructive trust be imposed over all monies in Defendants' possession, which rightfully belong to Plaintiff.

## SIXTH CLAIM
## (UNJUST ENRICHMENT)

67. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs as though the same were fully set forth at length herein.

68. This cause of action arises under the common law.

69. By the acts and activities of Defendants complained of herein, Defendants has been unjustly enriched.

Trademark Infringement Complaint          Christopher John Cali v. Mia L. Spivey-Rebel, et al.

70. Defendant's conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its hot sauce products, its business, reputation, and good will.

71. On information and belief, Defendants will continue to infringe Plaintiff's valuable right in its sandwiches to the detriment of Plaintiff unless restrained by this Court.

72. Plaintiff has suffered and is continuing to suffer irreparable injury for which there is no adequate remedy at law.

73. Plaintiff's damages from the aforesaid unlawful actions of Defendants, to the extent ascertainable, have not yet been determined.

## SEVENTH CLAIM
### (TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS AND PROSPECTIVE ECONOMIC ADVANTAGE)

74. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs as though the same were fully set forth at length herein.

75. Defendants are without excuse or justification but for the intent to harm Plaintiff.

76. Defendants' conduct was actuated by actual malice or accompanied by wanton and willful disregard to Plaintiff's rights.

77. As a result of Defendants' conduct, Plaintiff's income is reduced thereby depriving Plaintiff of a reasonable profit from Plaintiff's investment. Therefore, Plaintiff's economic advantage has been tortuously interfered with.

78. As a direct and proximate result of Defendants' conduct as aforesaid, Plaintiff is injured.

79. Plaintiff's damages from the aforesaid unlawful actions of Defendants, to the extent ascertainable, have not yet been determined.

Case 2:16-cv-04881-JMV-MF   Document 1   Filed 08/10/16   Page 14 of 16 PageID: 14

Trademark Infringement Complaint        Christopher John Cali v. Mia L. Spivey-Rebel, et al.

## EIGHTH CLAIM
## (PRIMA FACIE TORT)

80. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs as though the same were fully set forth at length herein.

81. Defendants are without excuse or justification but for the intent to harm Plaintiff.

82. Defendants' actions have resulted in special damages.

83. Defendants' conduct was actuated by actual malice or accompanied by wanton and willful disregard to Plaintiff's rights.

84. As a direct and proximate result of Defendants' conduct as aforesaid, Plaintiff is injured.

85. Plaintiff's damages from the aforesaid unlawful actions of Defendants, to the extent ascertainable, have not yet been determined.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

1. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114(a);

2. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for copyright infringement under 17 U.S.C. § 501(a);

3. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

4. For an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

5. In the alternative to actual damages and Defendants' profits for the

Case 2:16-cv-04881-JMV-MF   Document 1   Filed 08/10/16   Page 15 of 16 PageID: 15

Trademark Infringement Complaint        Christopher John Cali v. Mia L. Spivey-Rebel, et al.

infringement of Plaintiff's trademarks pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiff will make prior to the rendering of final judgment;

6. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under New Jersey laws;

7. For damages to be proven at trial for common law unfair competition;

8. For an injunction by this Court preliminarily and permanently enjoining Defendants, its officers, directors, agents, employees and all persons in active concert or participation with it who receive actual notice of the injunction, by personal service or otherwise from engaging or continuing to engage in the unlawful, unfair or fraudulent business acts or practices described herein, including the unauthorized use of any mark, copyright or other intellectual property rights of Plaintiff; acts of trademark infringement or dilution; acts of copyright infringement; false designation of origin; unfair competition and any other act in derogation of Plaintiff's rights;

9. For an Order from the Court requiring that Defendants provide complete accounting and for equitable relief, including that Defendants pay, return and be disgorged of the ill-gotten gains obtained from the illegal transactions entered into and/or pay restitution, including the amount of monies that should have been if Defendants complied with their legal obligations or equity dictates and requires;

10. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

11. For destruction of infringing articles in Defendants' possession under 15 U.S.C. § 1118 and 17 U.S.C. § 503;

12. For treble damages suffered by Plaintiff as a result of the willful and intentional infringements by Defendants under 15 U.S.C. § 1117(b);

Case 2:16-cv-04881-JMV-MF   Document 1   Filed 08/10/16   Page 16 of 16 PageID: 16

Trademark Infringement Complaint          Christopher John Cali v. Mia L. Spivey-Rebel, et al.

13.     For damages in an amount to be proven at trial for unjust enrichment;

14.     For an award of exemplary or punitive damages in an amount to be determined by the Court;

15.     That the Court enters an Order placing reasonable but effective restrictions on the future transactions and activities of Defendants so as to prevent fraud on the Court and so as to ensure the capacity of Defendants to pay, and the prompt payment of, any judgment entered against Defendants in this action.

16.     For Plaintiff's reasonable attorney's fees and all costs of suits;

17.     For such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Christopher John Cali, respectfully demands a trial by jury in this action pursuant to Local Rule 38.1.

                                        COFFYLAW, LLC
                                        Attorneys for Plaintiff

Dated: August 9, 2016           By:  /s/ *Emmanuel Coffy*
                                        Emmanuel Coffy, Esq.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceedings, to which this matter is subject.

                                        COFFYLAW, LLC
                                        Attorneys for Plaintiff

Dated: August 10, 2016          By:  /s/ *Emmanuel Coffy*
                                        Emmanuel Coffy, Esq.